UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAHINNSLERTH OROZCO, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 19-3336 (EGS) |
| WILLIAM P. BARR, Attorney General of the United States, | ) ) ) ) | |
| Defendant. | ) ) | |

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant, William P. Barr, in his official capacity as U.S. Attorney General, respectfully submits this reply in support of his motion to dismiss (ECF No. 13) and in response to the opposition filed by Plaintiff (ECF No. 14). Plaintiff asserts a cause of action under Section 508 of the Rehabilitation Act, not for discrimination per se, but for lack of accessibility in several computer systems at his FBI workplace. Although the statutory scheme creates certain causes of action, none of them support Plaintiff's claims here, nor is there an implied cause of action as he asserts in his opposition. Plaintiff's general rhetoric that Section 508 "protects … federal employees," Opp. at 1, and that the statute's "rights and remedies include claims against an offending federal agency," id., do not rebut Defendant's more specific argument. Because Plaintiff's First Amended Complaint cannot state a claim for which relief may be granted under that statute, his claims are properly dismissed. And even if Plaintiff had pleaded a cognizable cause of action, dismissal would still be appropriate in light of his failure to exhaust his administrative remedies.

I.      **Section 508 Does Not Provide a Cause of Action for Plaintiff Here.**

Plaintiff's theory that there is an implicit cause of action within the statutory scheme faces a steep uphill battle in light of (1) the starting presumption of sovereign immunity and the resulting need to read waivers narrowly, per Lane v. Peña, 518 U.S. 187, 192 (1996); and (2) the explicit statutory language specifying the causes of action available.  Section 508(f) of the Rehabilitation Act provides, in full:

> (f) Enforcement.
>   (1) General
>     (A) Complaints.  Effective 6 months after the date of publication by the Access Board of final standards described in subsection (a)(2), any individual with a disability may file a complaint alleging that a Federal department or agency fails to comply with subsection (a)(1) in providing electronic and information technology.
>     (B) Application.  This subsection shall apply only to electronic and information technology that is procured by a Federal department or agency not less than 6 months after the date of publication by the Access Board of final standards described in subsection.
>   (2) Administrative complaints.  Complaints filed under paragraph (1) shall be filed with the Federal department or agency alleged to be in noncompliance. The Federal department or agency receiving the complaint shall apply the complaint procedures established to implement section 794 [section 504 of the Rehabilitation Act] for resolving allegations of discrimination in a federally conducted program or activity.
>   (3) Civil Actions.  The remedies, procedures, and rights set forth in sections <u>794a(a)(2) and 794a(b)</u> [sections 505(a)(2) and 505(b) of the Rehabilitation Act] shall be the remedies, procedures, and rights available to any individual with a disability filing a complaint under paragraph (1).

29 U.S.C. § 794d(f) (emphasis added).  Accordingly, paragraphs (1) and (2) provide for an administrative remedy, and paragraph (3) provides for possible causes of action in court.  The judicial causes of action are defined by paragraphs (a)(2) and (b) of section 794d.  Plaintiff's opposition appears to agree with this much.  Opp. at 4.

2

The relevant statutory provisions are clear that a cause of action by a federal employee against a federal agency is <u>not</u> one of the "the remedies, procedures, and rights set forth in sections 794a(a)(2) and 794a(b)." The full text of section 794a is reprinted here:

Remedies and attorney fees

(a)(1) The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16), including the application of sections 706(f) through 706(k) (42 U.S.C. 2000e-5(f) through (k)) (and the application of section 706(e)(3) (42 U.S.C. 2000e-5(e)(3)) to claims of discrimination in compensation), shall be available, with respect to any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint. In fashioning an equitable or affirmative action remedy under such section, a court may take into account the reasonableness of the cost of any necessary work place accommodation, and the availability of alternatives therefor or other appropriate relief in order to achieve an equitable and appropriate remedy.

(2) The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.) (and in subsection (e)(3) of section 706 of such Act (42 U.S.C. 2000e-5), applied to claims of discrimination in compensation) shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title.

(b) In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

29 U.S.C. § 794a (emphasis added). Because (b) provides for attorney's fees, it does not support Plaintiff's cause of action here.

That leaves sections subsection 794a(a)(2) and its references to sections 2000d and 2000e-5 of Title 42, but neither of these support Plaintiff's cause of action. Section 2000d bars "discrimination under any program or activity receiving Federal financial assistance," 42 U.S.C. § 2000d, and because Plaintiff is a government employee, this does not provide him a cause of action here. Section 2000e-5 provides a cause of action for the Equal Employment Opportunity

3

Commission, or individuals on whose behalf it has brought suit, 42 U.S.C. § 2000e-5, and here again Plaintiff cannot rely on this because he has not pleaded that the Commission has sued on his behalf. There is no other cause of action under section 594a, and therefore no available cause of action under section 594d.

Plaintiff cannot rescue his case by relying on an implied cause of action because the United States as sovereign is immune from suit unless that immunity has been waived, and such a waiver must be "unequivocally expressed in statutory text," and "will be strictly construed, in terms of its scope, in favor of the sovereign." Lane, 518 U.S. at 192. Nor has Plaintiff brought a claim under Administrative Procedure Act to challenge the agency's determination of his administrative complaint,[1] which would be subject to the exhaustion defense below in any event.

Plaintiff's opposition asserts that he "interprets Section 508's cross-reference to the rights and remedies that address the programs and activities of federal agencies to support the view that Section 508's role is to extend federal agencies' barrier-removal obligations under Section 504" and that his view "is supported by the enforcement procedures for Section 508" and "is also in harmony with the case law." Opp. at 4. This argument amounts to a policy preference for an additional cause of action and simply ignores the explicit language in the statute that define the available causes of action by their references to other statutory provisions. It is not persuasive to ridicule "Defendant's Gordian knot of references and cross-references," Opp. at 1, as if Defendant had invented the statutory scheme. The statutory language, read

---

[1] See, e.g., Cousins v. Dep't of Transp., 880 F.2d 603, 605-06 (1st Cir. 1989) (en banc); Clark v. Skinner, 937 F.2d 123, 125-26 (4th Cir. 1991); Kinneary v. City of N.Y., 358 F. Supp. 2d 356, 359-60 (S.D.N.Y. 2005). But see Doe v. U.S. Att'y Gen., 941 F.2d 780, 794 (9th Cir. 1991); J.L. v. Social Sec. Admin., 971 F.2d 260, 264-70 (9th Cir. 1992).

fairly, strongly suggests that Congress was careful in deciding which remedies to provide and it did not choose to include the one that Plaintiff's opposition describes. Plaintiff's broad point that Section 508 provides for "civil actions," Opp. at 5, including at least one "enforceable against federal agencies," id. at 6, is insufficient to rebut Defendant's more specific point that Section 508 does not provide a cause of action that Plaintiff may advance here.

Plaintiff's passing reference to "the case law," Opp. at 4, is equally unpersuasive for the simple reason that he cites no supporting case law. Certainly Plaintiff finds no support in Taylor v. Small, 350 1286, 1291 (D.C. Cir. 2003), which upheld dismissal of the claim brought by a federal employee against his federal employer under section 504. The clear weight of the case law establishes that the remedies under Section 501 are exclusive.[2] None of the cases Plaintiff cites, see id. at 6-8, support his theory of an implied cause of action. It is true, as Defendant noted in his motion to dismiss, at 1, that the case law specifically addressing Section 508 is "sparse," but it is clear the available decisions disfavor Plaintiff's position. See Leiterman v. Johnson, 60 F. Supp. 3d 166, 176-77 & n.3 (D.D.C. 2014) (Kollar-Kotelly, J.) (rejecting cause of action under Section 508); Latham v. Brownlee, Civ. A. No. 03-0933, 2005 WL 578149 at *9 (W.D. Tex. Mar. 3, 2005) (concluding that Section 508 "does not authorize a private, non-

---

[2] See Taylor, 350 at 1291 (agreeing with the Ninth Circuit that "section 501 is the exclusive remedy for discrimination in employment by [a federal agency] on the basis of handicap"); see also Porter v. Sebelius, 944 F. Supp. 2d 65, 67 n.1 (D.D.C. 2013) (Kessler, J.) (citing Taylor and holding that § 501 is the exclusive remedy for claims of disability discrimination in federal employment); Sataki v. Broad. Bd. of Governors, 733 F. Supp. 2d 1, 11 (D.D.C. 2010) (Kollar-Kotelly, J.) ("The D.C. Circuit has made clear . . . that Section 501 of the Rehabilitation Act provides the exclusive remedy for federal employees alleging disability discrimination"); Klute v. Shinseki, 797 F. Supp. 2d 12, 17 (D.D.C. 2011) (Walton, J.) (dismissing claim brought under section 503 of the Rehabilitation Act); Edwards v. EPA, 456 F. Supp. 2d 72, 100 (D.D.C. 2006) (Bates, J.) (dismissing section 504 claim because 501 is exclusive).

administrative right [of] action."). Plaintiff's response to these decisions is to assert that they failed to address the question before the Court. Opp. at 5 n.3. These cases provide far more support for dismissal than for Plaintiff's implied cause of action.

Since the statutory language at issue is not new, having been enacted in 1986 and last amended in 2000, the lack of case law supporting Plaintiff's claim is all by itself a strong sign of the infirmity of Plaintiff's theory. Plaintiff effectively asks the Court to be the first to recognize such a cause of action. The Court should decline the invitation and instead apply the well-established case law that reads waivers of sovereign immunity narrowly, and not invent a new "implied" cause of action against the federal government.

## II.     Alternatively, Plaintiff Failed to Exhaust His Administrative Remedies

Even if the Court were to find that Plaintiff had a cause of action under Section 508, Plaintiff failed to complete the administrative process for his Section 508 accessibility claims before filing the instant suit. Plaintiff filed his administrative complaint with both the FBI's EEO office and the FBI's Chief Information Officer, First Amended Complaint ¶¶ 16-17, but the response he received, in the form of the August 7 letter (ECF No. 13-1) resolved only the discrimination complaint, see id. Indeed, the FBI's August 7 letter explained that "the appropriate mechanism for addressing your client's concerns is to contact the FBI's Accessibility Program Office of the Office of the Chief Information Officer … and inquire about the status of your client's <u>pending accessibility complaint</u>." Id. at 2 (emphasis added).

Plaintiff's opposition argues first that:

> Section 508's statutory language does not, on its face, mandate that an individual with a disability must file a complaint with the offending agency prior to filing a civil action or that, having filed such a complaint, the individual must await the agency's completion of its investigation of that complaint before filing.

Opp. at 11.  Of course, this omission in the statutory scheme is further evidence of the lack of an applicable cause of action against the federal government, as argued above.  In any event, Plaintiff's argument hinges on his unsupported assertion that it would be futile to wait for FBI to decide his administrative complaint.  Opp. at 13-14.  Plaintiff quotes nothing from FBI's response to support this assertion and the Court should reject it.

Requiring exhaustion gives the agency "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision"; it also "allows the top managers of an agency to correct mistakes made at lower levels and thereby obviates unnecessary judicial review."  See Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 61 (D.C. Cir. 1990).  The rationales for judicially-imposed exhaustion are especially applicable here, given that the subject matter of Plaintiff's dispute is uniquely within the expertise of the agency.  Even if it is "the Access Board which promulgates the Section 508 technical standards," and not the FBI, as Plaintiff argues, Opp. at 15, that does not refute Defendant's argument, which is that the FBI has expertise in its own business needs and the functionality of its systems.  It should be given the opportunity to resolve Plaintiff's administrative claim in the first instance.  Therefore, even if Plaintiff had pleaded a cognizable cause of action here, the Court should dismiss for failure to exhaust administrative remedies.

Finally, the Court should also reject Plaintiff's tacit suggestion that he seeks relief under a discrimination theory, see Opp. at 14 ("Plaintiff seeks redress against the agency for its own discrimination in the form of EIT barriers"), because Plaintiff made clear in his administrative claim that he was not advancing a discrimination theory:

> Complaints alleging violations of Section 508 do not allege disparate treatment, failure to accommodate, or disparate impact discrimination under 29 U.S.C. §§ 791 or 794, regardless of whether they are filed by employees or members of the public, and thus should not be processed as complaints with respect to employment.

7

ECF No. 14-1 at 6 of 11.  Plaintiff should not be permitted to have it both ways by arguing now that he should receive the benefit of rules imported from the administrative scheme for claims of discrimination, while disclaiming at the administrative level that he brought a claim of discrimination.

## **Conclusion**

For the foregoing reasons, Defendant asks the Court to grant this motion, dismiss the case, and enter judgment for Defendant.

Dated: February 18, 2020                    Respectfully submitted,

TIMOTHY J. SHEA, D.C. Bar #437437
United States Attorney for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar #924092
Assistant United States Attorney

 /s/ *Alan Burch*
ALAN BURCH, D.C. Bar #470655
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 Fourth St., NW
Washington, DC 20530
(202) 252-2550, alan.burch@usdoj.gov

*Counsel for Defendant*