**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JAHINNSLERTH OROZCO,

        Plaintiff,

v.

MERRICK B. GARLAND, Attorney
General of the United States,
in his official capacity,[1]

        Defendant.

Civ. Action No. 19-3336 (EGS)

**MEMORANDUM OPINION**

Plaintiff Jahinnslerth Orozco ("Mr. Orozco") brings this suit under Section 508 of the Rehabilitation Act of 1973 ("Section 508"), codified in 29 U.S.C. § 794d. *See* Compl., ECF No. 12 ¶ 1. Mr. Orozco, a blind federal employee, alleges that the Federal Bureau of Investigations ("FBI"), a division of the Department of Justice headed by Attorney General Merrick B. Garland ("Defendant" or the "government"), has failed to comply with the accessibility standards of Section 508 and prevented blind employees from effectively and independently accessing critical systems required for employment. *See id.* Mr. Orozco asserts that the FBI has procured, maintained, and is using

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes as defendant Merrick B. Garland for Former Attorney General William P. Barr.

software systems that he, as a blind employee, cannot access in the manner enjoyed by his nondisabled colleagues. *See id.* ¶ 2, 11.

Pending before the Court is Defendant's Motion to Dismiss. *See* Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mot. to Dismiss"), ECF No. 13. Upon careful consideration of the motion, opposition, the reply, the applicable law, and for the reasons explained below, Defendant's Motion to Dismiss is **GRANTED**.

## I.   Factual and Procedural Background

Mr. Orozco has been employed by the FBI as an Intelligence Analyst since July 15, 2012. *See* Compl., ECF No. 12 ¶ 12. As a blind computer user, Mr. Orozco uses screen access software that converts digital information into synthesized speech. *See id.* ¶ 11. Mr. Orozco alleges that several systems used by the FBI are inaccessible to blind employees who use screen access software. *See id.* ¶ 26. These include (1) Sentinel, a "web-based case management system" used to review and manage case files; (2) the Enterprise Process Automation System, a "web-based software system" used "to perform administrative tasks;" (3) Palantir Analytics Software used "to tie disparate intelligence resources together, search across and manage those resources, and track relationships among disparate entities;" (4) Global Mission Analytics, a web-based system used to "search across internal and external intelligence sources;" and (5) Virtual Private

Networking, a "misattribution software to enable analysts to securely and anonymously access external data sources without identifying that access as coming from the FBI." Def.'s Mot. to Dismiss, ECF No. 13 at 3 (citing Compl., ECF No. 12 ¶ 27-48). Mr. Orozco contends that the FBI could have provided him and other blind employees "with an alternative means of accessing these systems that allowed them to independently use the information and data involved, but did not do so." Compl., ECF No. 12 ¶ 60.

Consequently, Mr. Orozco filed an administrative complaint with the FBI on April 29, 2019. *Id.* ¶ 16 (citing 29 U.S.C. § 794d(f)(2) (Section 508), 28 C.F.R. § 39.170(d)(4) (the Department of Justice's ("DOJ") Equal Employment Opportunity ("EEO") regulation), and 28 C.F.R. § 1616.106(a) (Equal Employment Opportunity Commission ("EEOC") regulation)). Mr. Orozco also filed a copy of his complaint with the Accessibility Program Office of the Office of the Chief Information Officer ("OCIO") of the FBI. *Id.* ¶ 17.

On May 9, 2019, Mr. Orozco received a letter from the FBI acknowledging receipt of the EEO complaint and stating that investigation of the complaint must be completed by October 26, 2019. *See* Administrative Record ("AR"), Exhibit B, ECF No. 14-1 at 9. On July 25, 2019, the FBI's Office of the General Counsel informed Mr. Orozco's attorney that an assistant general counsel

had been assigned to the matter. *See* AR, Decl. of Albert Elia in Supp. of Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss ("Alia Decl."), ECF No. 14-1 ¶ 11. Subsequently, on August 7, 2019, the FBI's EEO office dismissed Mr. Orozco's discrimination complaint for "failure to state a claim of discrimination within the federal sector EEO process." AR, ECF No. 13-1 at 2. The FBI decision letter added that "the appropriate mechanism for addressing [Mr. Orozco's] concerns is to contact the FBI's Accessibility Program Office, Office of the Chief Information Officer (OCIO), and inquire about the status of [Mr. Orozco's] pending accessibility complaint." *Id.* The letter concluded that "this final agency decision is being sent pursuant to 29 C.F.R. § 1614.110," and that Mr. Orozco had the right to appeal "within 30 calendar days" of receipt of the "final agency decision," as well as the right to file a civil action "180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken." *Id.* Mr. Orozco and his counsel did not receive any further correspondence from the OCIO, *see* Elia Decl., ECF No. 14-1 ¶ 12-13; where Mr. Orozco's accessibility complaint was pending, *see* AR, ECF No. 13-1 at 2.

Mr. Orozco filed his complaint in this Court on November 5, 2019, 180 days after OCIO received a copy of his complaint. *See* Pl.'s Mem. in Opp'n to Mot. to Dismiss ("Pl.'s Resp."), ECF No.

14 at 17. He seeks injunctive and declaratory relief as well as attorney's fees and other costs of this action. *See* Compl., ECF No. 12 at 9-10. The government filed a Motion to Dismiss on January 28, 2020. *See* Def.'s Mot. to Dismiss, ECF No. 13. Mr. Orozco responded on February 11, 2020. *See* Pl.'s Opp'n, ECF No. 14. The government replied on February 18, 2020. *See* Reply Supp. Mot. to Dismiss ("Def.'s Reply"), ECF No. 15. The motion is ripe and ready for adjudication.

## II.  Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). While detailed factual allegations are not required, a complaint must contain "sufficient factual matter ... to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim. *Id.*

When ruling on a Rule 12(b)(6) motion, the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which we may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F. 3d 621, 624 (D.C. Cir. 1997). In so doing, the court must give the plaintiff the "benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## III. Analysis

The Defendant argues that Section 508 does not provide Mr. Orozco with either an explicit or an implicit cause of action, and alternatively, that he has failed to exhaust his administrative remedies prior to bringing this action. *See* Def.'s Mot. to Dismiss, ECF No. 13 at 2. The Court sets forth the statutory framework under Section 508 before turning to the government's arguments.

### A. Statutory Framework

Congress enacted the Rehabilitation Act in 1973 "to ensure that members of the disabled community could live independently and fully participate in society." *American Council of the Blind v. Paulson*, 525 F.3d 1256, 1259 (D.C. Cir. 2008). The Act has the distinction of being the "first major federal statute designed to protect the rights of and provide assistance to"

individuals with disabilities. *Smith v. Barton*, 914 F.2d 1330, 1338 (9th Cir. 1990).

Congress amended the Act in 1986 by adding section 508, which required the Executive Branch to develop guidelines to ensure that electronic information and technology ("EIT") would be accessible to people with disabilities. *See* Rehabilitation Act Amendments of 1986, Pub. L. No. 99-506, § 603, 100 Stat. 1807, 1830-31; *Clark v. Vilsack*, Civ. Action No. 19-394 (JEB), 2021 WL 2156500, at *3 (D.D.C. May. 27, 2021); *Werwie v. Vought*, Civ. Action No. 19-713, 2020 WL 6781220, at *3 (D.D.C. Nov. 18, 2020). However, the 1986 amendment lacked an independent enforcement mechanism, *see* Pub. L. No. 99-506, § 603; *see also Werwie*, 19-713, 2020 WL 6781220, at *3; which Congress added in 1998, *see* Workforce Investment Act of 1998, Pub. L. No. 105-220, § 408(b), 112 Stat. 936, 1203-06; *see also Werwie*, 19-713, 2020 WL 6781220, at *3.

Section 508(a), codified in 29 U.S.C. § 794d(a), now requires:

> When developing, procuring, maintaining, or using electronic and information technology, each Federal department or agency, including the United States Postal Service, shall ensure, unless an undue burden would be imposed on the department or agency, that the electronic and information technology allows, regardless of the type of medium of the technology—

> (i) individuals with disabilities who are
> Federal employees to have access to and use of
> information and data that is comparable to the
> access to and use of the information and data
> by Federal employees who are not individuals
> with disabilities....

29 U.S.C. § 794d(a)(1)(A)(i). Central to the parties' dispute,

Section 508(f) of the Rehabilitation Act, codified as 29 U.S.C.

§ 794d(f) and titled "Enforcement," provides in relevant part:

> (3) Civil Actions. The remedies, procedures,
> and rights set forth in sections 794a(a)(2)
> and 794a(b) [sections 505(a)(2) and 505(b) of
> the Rehabilitation Act] shall be the remedies,
> procedures, and rights *available to any
> individual with a disability* filing a
> complaint under paragraph (1).[2]

29 U.S.C. § 794d(f)(3) (emphasis added). In turn, the relevant

parts of § 794a, which guide civil actions under Section 508,

state that:

> (a)(2) The remedies, procedures, and rights
> set forth in title VI of the Civil Rights Act
> of 1964 (42 U.S.C. 2000d et seq.) (and in
> subsection (e)(3) of section 706 of such Act
> (42 U.S.C. 2000e-5), applied to claims of
> discrimination in compensation) shall be
> available to any person aggrieved by any act
> or failure to act *by any recipient of Federal
> assistance or Federal provider of such
> assistance* under section 794 of this title.

---

[2] Section 508(f) also sets out a method of enforcement under
"Administrative Complaints." *See* § 508(f)(2). Since the parties
ostensibly agree that § 508(f)(2) is not relevant for the motion
to dismiss and focus on "Civil Actions" under § 508(f)(3), the
Court does the same.

> (b) In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

29 U.S.C. § 794a (emphasis added). Finally, 42 U.S.C. §2000d prevents discrimination "under any program or activity receiving Federal financial assistance" while § 2000e-5 contains enforcement provisions for the EEOC.

### B. Section 508 Does Not Provide an Express Cause of Action

The government argues that Mr. Orozco's claim should be dismissed because § 794d does not provide him with a cause of action. *See* Def.'s Mot. to Dismiss, ECF No. 13 at 6. The government points out that § 794d(f)limits the available remedies to § 794a(a)(1) and (b), not § 794a(a)(2), which provides remedies for a government employee alleging workplace discrimination. *See id.* at 7. Further, it asserts that as a government employee, Mr. Orozco does not have a cause of action under 42 U.S.C. § 2000d; nor does he have one under § 2000e-5, because he "has not pleaded that the Commission has sued on his behalf." *Id.* at 8. Since there is no other cause of action under §794(a), the government concludes there is "therefore by extension no available cause of action under section 594d [sic]." *Id.*

Mr. Orozco responds that Section 508 incorporates Section 504's comprehensive disability rights enforcement scheme in actions by federal employees regarding the EIT of federal agencies. Pl.'s Opp'n, ECF No. 14 at 7. He points out that "Section 508's enforcement provisions explicitly state that "any individual with a disability may file a complaint alleging that a Federal department or agency fails to comply." *Id.* at 7 (citing 29 U.S.C. § 794d(f)(1)(A)). Mr. Orozco consequently interprets the statutory scheme as one that requires federal employees to bring general employment discrimination claims under Section 501, and inaccessible EIT claims under Section 508. *See id.* The Court disagrees.

As a preliminary matter, Section 504, which prohibits recipients of federal financial assistance as well as executive agencies from conducting programs or activities that discriminate based on a disability, *see* 29 U.S.C. § 794(a); does not contain a "comprehensive disability rights enforcement scheme" of the sort suggested by Mr. Orozco, *see* Pl.'s Opp'n, ECF No. 14 at 7. As Mr. Orozco acknowledges, "Section 504 does not on its face apply to federal employees," and does not provide a "route for relief [for federal employees] under the Rehabilitation Act." *Taylor v. Small*, 350 F.3d 1286, 1291 (D.C. Cir. 2003) (quoting *Rivera v. Heyman*, 157 F.3d 101, 104 (2d Cir. 1998)).

Nor is the Court persuaded by Mr. Orozco's response to the government's argument about the exclusion of employment discrimination remedies (captured in § 794a(a)(1) but not referred to in §794d). Mr. Orozco explains this discrepancy by asserting that "Section 508's role is to extend federal agencies' barrier-removal obligations under Section 504, instead of extending their employment anti-discrimination obligations under Section 501 of the Rehabilitation Act, 29 U.S.C. § 791." *Id.* at 8. As the government responds—and the Court agrees—this argument "ignores the explicit language in the statute that define the available causes of action by their references to other statutory provisions." Def.'s Reply, ECF No. 15 at 4. Mr. Orozco's "broad point" that Section 508 provides for "civil actions" cannot rebut the "specific point" that it does not provide a cause of action in this instance. *See id.*

This view aligns with persuasive authority which holds that "section 508 provides no express cause of action." *Clark*, 19-394, 2021 WL 2156500, at *4. The District Court in *Clark* reasoned that the "Civil Actions" remedies in § 794(f)(3) are explicitly limited to a "person aggrieved by any act or failure to act *by any recipient of Federal assistance or Federal provider of such assistance*." *Id.* (citing § 794a(a)(2)) (emphasis added). However, the FBI is not a provider of federal assistance. *See Lane v. Pena*, 518 U.S. 187, 193 (1996)

(considering section 505's use of the term "Federal provider" and reading it to mean "federal funding agencies acting as such"). Thus, the remedies contained in Section 505 are not available to persons aggrieved by the FBI acting in its capacity as an employer. *See Clark*, 19-394, 2021 WL 2156500, at *4. Mr. Orozco does not distinguish *Clark*, *id.*, or present an argument for why it is not persuasive. *See generally* ECF No. 20.

Mr. Orozco further contends that the plain text of Section 508 supports a private right of action against federal agencies, arguing that the heading "Civil Actions" demonstrates that Congress intended Section 508 to be enforced by lawsuits. *See* Pl.'s Opp'n, ECF No. 14 at 9; 29 U.S.C. § 794(f)(3). In support, he first argues that federal agencies are covered under Section 508, as under section 504, within the definition of federal providers of assistance. *Id.* at 10. He then asserts that Sections 504 and 508 both explicitly apply to "any program or activity conducted by any Executive agency or by the United States Postal Service." *Id.* at 11 (citing 29 U.S.C. § 794(a)). Therefore, failing to interpret Section 508 as granting a private right of action against federal agencies would render the "Civil Actions" portion of section 508 "surplusage." *Id.* at 10 (citing *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (internal quotations and citation omitted) ("Statutory terms should not be treat[ed] as surplusage in any setting.")). The Court is

unpersuaded by the premise of this argument for the reasons explained below.

The government's arguments do not suggest that Section 508 does not support *any* civil actions or that Section 508 does not apply to "any program or activity conducted by any Executive agency or by the United States Postal Service," 29 U.S.C. § 794(a); rather, the Court reads the government's argument to be that Mr. Orozco's claim specifically "does not fit within either of the two permissible causes of action under the statute." Def.'s Mot. to Dismiss, ECF No. 13 at 2. This reading does not render the term "Civil Actions" surplusage because Section 505 (which guides "Civil Actions" under Section 508) does provide for civil actions, but only against recipients and providers of federal assistance, not persons aggrieved by the Government acting in its capacity as an employer. *See Clark*, 19-394, 2021 WL 2156500, at *4.

Moreover, it is not the case, as Mr. Orozco asserts, that no court has "addressed the question presented here: whether Section 508(f)(3) authorizes an independent right of action for injunctive relief against a federal agency." *Compare* Pl.'s Opp'n, ECF No. 14 at 9, *with Clark*, 19-394, 2021 WL 2156500, at *4; *Gonzalez v. Perdue*, No. 18-459, 2020 WL 1281237, at *9 (E.D. Va. Mar. 17, 2020) (considering section 508 claim and concluding that it does not provide a private cause of action); *Latham v.*

*Brownlee*, No. 03-933, 2005 WL 578149, at *9 (W.D. Tex. Mar. 3, 2005) (finding section 508 "does not authorize a private, non-administrative right [of] action"); *cf. Leiterman v. Johnson*, 60 F. Supp. 3d 166, 177 (D.D.C. 2014) (finding no section 508 cause of action for federal employee to sue federal employer and noting plaintiff conceded that section 505 did not provide cause of action). For these reasons, the Court holds, as have other District Courts that have considered the issue, that the text of Section 508 does not expressly support a private right of action.

### C. Section 508 Does Not Provide an Implicit Cause of Action

The government also argues that Mr. Orozco cannot rely on an implicit cause of action because the United States as sovereign has not waived its immunity from suit, nor has Mr. Orozco brought his claim under the Administrative Procedure Act to challenge the agency's determination of his administrative complaint. *See* Def.'s Mot. to Dismiss, ECF No. 13 at 8-9. The government points out that any waiver of immunity must be "unequivocally expressed in statutory text," and "will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.* at 8 (citing *Pena*, 518 U.S. at 192). Mr. Orozco responds that his claims under Section 508 meet the test for an implied right of action. *See* Pl.'s Opp'n, ECF No. 14 at 12. He also asserts that Courts have established that Congress waived

sovereign immunity with respect to actions for equitable relief
and attorney's fees under the Section 504 remedies incorporated
by reference into Section 508. *See id.* at 14.

"[T]he fact that a federal statute has been violated and
some person harmed does not automatically give rise to a
private cause of action in favor of that person." *Touche Ross &
Co. v. Redington*, 442 U.S. 560, 568 (1979) (internal citation
and quotation marks omitted). Accordingly, "[i]n determining
whether an implied cause of action exists, 'the judicial task is
to interpret the statute Congress has passed to determine
whether it displays an intent to create not just a private right
but also a private remedy. Statutory intent on this latter point
is determinative.'" *Int'l Union, Sec., Police & Fire Prof'ls of
Am. v. Faye*, 828 F.3d 969, 972 (D.C. Cir. 2016) (quoting
*Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)). Courts
consider three factors in evaluating statutory intent.
*Redington*, 442 U.S. at 575-76. First, courts consider the
language and focus of the statute to determine whether it
creates a federal right in favor of the plaintiff because he is
someone for whose particular benefit the statute was enacted.
*Id.* Second, courts consider the legislative history of the
statute to determine whether Congress gave any implicit or
explicit indication of its intent to create or deny a private
judicial remedy. *Id.* Third, courts consider the statute's

underlying purpose to determine whether it would be consistent with the legislative scheme to imply such a remedy. *Id.*

Persuasive authority establishes that Section 508 does not contain an implicit cause of action. *See Clark*, 19-394, 2021 WL 2156500, at *4. Although Mr. Orozco, as a blind federal employee, is someone for whose particular benefit the statute was enacted, *see Redington*, 442 U.S. at 575-76; a private right of action would be inconsistent with the intent demonstrated by Congress. As discussed above, Congress specifically amended Section 508 to create an enforcement scheme. *See supra*; 29 U.S.C. § 794d(f) (entitled "Enforcement"). "The comprehensive character of the remedial scheme expressly fashioned by Congress strongly evidences an intent not to authorize additional remedies." *Clark*, 19-394, 2021 WL 2156500, at *4 (citing *Nw. Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO*, 451 U.S. 77, 93-94 (1981)); *see also Karahalios v. Nat'l Fed'n of Fed. Emps., Loc. 1263*, 489 U.S. 527, 533 (1989) ("It is also an 'elemental canon' of statutory construction that where a statute expressly provides a remedy, courts must be especially reluctant to provide additional remedies."); *Johnson v. Interstate Mgmt. Co., LLC*, 849 F.3d 1093, 1098 (D.C. Cir. 2017) (declining "to recognize a new implied cause of action" when "text of [statute] specifically addresses who may sue").

Although the Court is sympathetic to the challenges Mr. Orozco faces at his workplace, Mr. Orozco does not point to "strong indicia of a contrary congressional intent that would enable the Court to escape the conclu[sion] that caselaw compel[s]." *Clark*, 19-394, 2021 WL 2156500, at *4 (internal quotations and citation omitted). The Congressional debates from 1978 that Mr. Orozco references-which took place 20 years prior to the latest amendment in 1998-suggest that the federal government's exemption was lifted to allow administrative complaints and certain civil actions, but not a civil action brought by federal employees. *See* Pl.'s Opp'n, ECF No. 14 at 13; *see also Karahalios*, 489 U.S. at 533 (stating that "neither the language nor the structure of the Act shows any congressional intent to provide a private cause of action" for federal employees to enforce federal agencies' violations of section 508).

The Court concludes that "Congress provided precisely the remedies it considered appropriate" for this statute. *Middlesex County Sewerage Authority v. Sea Clammers*, 453 U.S. 1, 15 (1981). The Court notes that although Section 508 does not provide a right for Mr. Orozco to sue, "the Government must, of course, comply with the Rehabilitation Act," *Clark*, 19-394, 2021 WL 2156500, at *4; which requires that the FBI provide "individuals with disabilities who are Federal employees to have

access to and use of information and data that is comparable to the access to and use of the information and data by Federal employees who are not individuals with disabilities." 29 U.S.C. § 794d(a)(1)(A)(i).[3]

## IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss. An appropriate Order accompanying this Memorandum Opinion was issued on September 30, 2021.

**SO ORDERED.**

**Signed:     Emmet G. Sullivan**
**United States District Judge**
**October 01, 2021**

---

[3] Since the Court holds that there is no implied cause of action available, it need not reach the defense of sovereign immunity. *See* Def.'s Mot. to Dismiss, ECF No. 13 at 8.  The Court similarly need not address whether Mr. Orozco has satisfied his administrative remedies. *See id.* at 9.