# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**JAHINNSLERTH OROZCO**, 13284
Kenny Road, Woodbridge, VA 22193,

            Plaintiff,

   v.

**PAMELA BONDI**, Attorney General of the
United States, in her official capacity, 950
Pennsylvania Avenue, NW, Washington,
D.C. 20530,

            Defendant.

Civil Action No. 1:19-cv-3336-EGS

# MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Civil Rule 7(i), Plaintiff Jahinnslerth Orozco moves for leave to amend his Complaint to conform to this Court's March 4, 2025 Order and clarify the allegations supporting his claim that the Federal Bureau of Investigation ("FBI") violated Section 508 of the Rehabilitation Act, 29 U.S.C. § 794d ("Section 508") by developing, procuring, maintaining, and using inaccessible electronic and information technology that fails to comply with Section 508 standards, and as a result, causes harm to Mr. Orozco. Attached to this Motion are Mr. Orozco's proposed Second Amended Complaint ("SAC") and a redline document showing Mr. Orozco's revisions to the First Amended Complaint.

Counsel for Mr. Orozco conferred with counsel for Defendant pursuant to Local Civil Rule 7(m). Counsel for Defendant represented that Defendant opposes this motion.

## I. INTRODUCTION

Mr. Orozco is a blind employee working as an analyst in the FBI's Criminal Investigation Division. He uses various software systems—both to conduct his substantive work and to perform routine administrative and business functions. For over six years, he has requested that the FBI remediate software access barriers that result in an inequitable work environment for disabled FBI employees and, therefore, violate Section 508. Mr. Orozco initiated this lawsuit to address this ongoing harm to employees with disabilities.

Section 508 prohibits the use of inaccessible technology systems unless the system meets the statutory definition for a "national security system." 29 U.S.C. § 794d(a)(5). On March 4, 2025, this Court granted a partial dismissal of Mr. Orozco's claims for lack of jurisdiction on the grounds that certain FBI systems, though inaccessible, met the definition of "national security system." (March 4, 2025 Mem. Op. and Order 9, ECF No. 54.)

By way of amendments, first, in light of the Court's Order, Mr. Orozco has removed any reference to the Palantir, GMAN, and VPN systems, as well as the portions of Sentinel that relate to national security. Second, and relatedly, Mr. Orozco adds facts supporting his allegations that some systems used with Sentinel and the other systems addressed in the SAC are statutorily excluded from the definition of national security systems because, even though they are "critical to the direct fulfillment of military or intelligence missions," they are "used for routine

administrative and business applications (including payroll, finance, logistics, and personnel management applications)." 40 U.S.C. § 11103(a)(2).

Third, the Court previously dismissed without prejudice Defendant's Motion for a More Definite Statement (ECF No. 35). To avoid further briefing from the parties, Mr. Orozco's amendments provide more specific allegations about the particular barriers and precise identifiers associated with the remaining inaccessible systems and the functions that violate the statute.

Fourth, because of recent authority in this District clarifying that compensatory damages are available under Section 508 and jury demands are not, Mr. Orozco has added allegations supporting a damages remedy and removed his demand for a jury trial. *Santos v. Collins*, No. CV 24-1759, 2025 WL 1905596 at *11-12 (D.D.C. July 10, 2025).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading with opposing parties' consent or leave of court. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* In this Circuit, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, denial of a motion for leave to amend constitutes an abuse of discretion "unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive … repeated failure to cure deficiencies by previous amendments … [or] futility of amendment.'" *Firestone*, 76 F.3d at 1208 (quoting *Foman*, 371 U.S. at 182). Under Federal Rule of Civil Procedure 15(a), "the non-movant generally carries the burden in persuading the court to deny leave to amend." *Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D.D.C. 2004).

## III. ARGUMENT

The interests of justice direct that Mr. Orozco be given leave to conform his complaint to align with the findings in this Court's March 4, 2025 Memorandum Opinion and Order (ECF No. 54), pre-emptively address concerns raised by Defendant in its Motion for a More Definite Statement (ECF No. 35, denied without prejudice on September 4, 2024), and align his claim with recent legal authority from this District. Granting the amendments will allow Mr. Orozco to litigate

the longstanding access barriers of the technological systems that he needs to equitably do his job. Mr. Orozco has not unduly delayed in seeking leave to amend, and he has done so in accordance with this Court's July 8, 2025 Minute Order. (July 1, 2025 Joint Status Report 2, ECF No. 57; July 8, 2025 Minute Order.) Because this matter is still at this early stage of proceedings, and because the primary changes are matters of factual clarity rather than the addition of any new causes of action, Defendant will not be prejudiced by allowing these amendments. Furthermore, his amendments are not futile. *See Foman*, 371 U.S. at 182.

### A.    No Undue Delay.

Mr. Orozco has not unduly delayed in filing his amended complaint. The Court partially dismissed some of his claims on March 4, 2025. After discussions and the filing of a joint status report, the Court ordered Mr. Orozco to file for leave to amend by August 1, 2025. (July 1, 2025 Joint Status Report 2, ECF No. 57; July 8, 2025 Minute Order.) Mr. Orozco now seeks leave to amend consistent with the jointly proposed deadline and the Court's scheduling order.

### B.    No Bad Faith or Dilatory Motive.

Mr. Orozco has no bad faith or dilatory motive in seeking leave to amend his complaint. His goal is to respond effectively to the Court's partial dismissal of his claims by clarifying and supplementing his allegations. Mr. Orozco is both adding and voluntarily removing elements of his pleading in a good faith attempt to align with the current state of the law and this Court's orders.

### C.    This is only the second time Mr. Orozco has amended his complaint.

This is Mr. Orozco's first motion seeking leave to amend his complaint. His first amendment was made as a matter of right in timely response to Defendant's first Motion to Dismiss. Two amendments and a single motion for leave to amend do not constitute a "repeated failure to cure deficiencies" such that this motion should be denied. *See Firestone*, 76 F.3d at 1208 (quoting *Foman*, 371 U.S. at 182).

### D.    These amendments do not unduly prejudice Defendant.

Defendant agreed to the current proposed schedule, including the deadline to file this motion. It is difficult to fathom how prejudice could result under those circumstances.

Moreover, despite the length of time since the initial complaint was filed, this case is still at an early stage. Defendant has not filed an answer, the parties have not exchanged disclosures or

had the Rule 26(f) conference, and discovery has not commenced. Such limited progress along the "litigation path" limits any prejudice that may have resulted from relying on previous complaints. *See Heller v. Dist. of Columbia*, 290 F.R.D. 1, 4 (D.D.C. 2013) ("A case's position along the litigation path proves particularly important in [the prejudice] inquiry: the further the case has progressed, the more likely the opposing party is to have relied on the unamended pleadings."); *see also Ramos v. Barr*, 2020 WL 13695151, at *4 (D.D.C. Aug. 11, 2020) ("An amendment may cause prejudice to a defendant when granting it 'would necessitate reopening discovery at a relatively late stage in the proceedings.'") (internal citations omitted). The Defendant has not been unfairly disadvantaged or deprived of the opportunity to present facts or evidence because of the timing of these amendments, and, therefore, no prejudice exists. *See Wilcox v. Georgetown Univ.*, 2023 WL 2734224, at *8 (D.D.C. Mar. 31, 2023) ("To demonstrate the necessary additional element of undue prejudice, '[the opposing party] must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely.'") (internal citations omitted) *aff'd*, 2024 WL 1739266 (D.C. Cir. Apr. 23, 2024)).

Furthermore, Mr. Orozco is not seeking to add any new parties to the litigation, nor is he seeking to add new causes of action. He only seeks to align his allegations with this Court's March 4 order and recent caselaw. The limited nature of the amendments and the length of time Defendant has had to investigate the alleged barriers, both before and after the administrative process that formed the basis of this litigation, also limits any possible prejudice to Defendant that might emerge through more specific and detailed factual allegations.

### E.    The proposed amendments are not futile.

Amending a complaint is futile if the proposed pleading would not survive a motion to dismiss. *E.g., Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004). In analyzing futility, the Court must "treat the complaint's factual allegations as true … and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003) (citation and quotation omitted).

### 1. *"National Security Systems"*

Through the SAC, Mr. Orozco amends his allegations to align with this Court's March 4 decision by including only those systems excluded from the definition of "national security system," and therefore subject to the requirements of Section 508. "Sentinel," "iData," Enterprise Process Automation System ("EPAS"), and secure mobile applications are all systems or applications that are used for "routine administrative and business applications," and are, therefore, not exempt from Section 508's mandates. As all four systems are inaccessible and do not meet the definition of "national security system," Plaintiff's amendments to the complaint relating to them would survive a motion to dismiss.

For example, the SAC clarifies that technology such as "Sentinel"—which operates as a kind of employee "dashboard" for accessing screens or pages that are used to perform distinct functions at the FBI and which can be discrete systems in themselves—includes both "national security systems" exempt from Section 508 but also incorporates routine business and administrative systems that are not exempt from Section 508 because their "function, operation, or use" does not involve intelligence activities or the other exemptions listed in 40 U.S.C. § 11103(a). (SAC ¶¶ 27-56.). The inaccessibility of five of these administrative systems accessed via the Sentinal dashboard ((1) Vacancy Application Approvals, (2) FD-Series and Meeting Minutes Forms, (3) File Reviews, (4) Command Post Team Assignments, and (5) Document Signatures) have resulted in Mr. Orozco losing professional developmental opportunities. (SAC ¶ 54.) Mr. Orozco's proposed amendments clarify and better explain the Sentinal dashboard and the various systems that are accessed through it, in particular clarifying that he is not challenging any other unnamed functions that are national security systems.

Mr. Orozco's proposed SAC also clarifies that the other unnamed discrete system referred to as "iDATA" could fall under the Sentinal umbrella or exist as a stand-alone utility. iDATA is developed or procured for administrative and business functions like organizing work materials. (SAC ¶¶ 86-88, 93.) Its business functions involve personnel management and reporting and not intelligence, cryptologic, military, or weapons activities. (SAC ¶¶ 91-92.) The refusal to ensure that iDATA is accessible and compliant with Section 508 means that Mr. Orozco has lost employment opportunities. (SAC ¶¶ 89, 98.)

Mr. Orozco's proposed SAC also clarifies and provides more particular factual allegations about the barriers of the two other systems that were not challenged by Defendant on national security grounds: (1) Enterprise Process Automation System ("EPAS"); and (2) secure mobile applications.

In line with the Court's March 4, 2025 Memorandum Opinion and Order (ECF No. 54), Mr. Orozco has removed allegations related to Palantir, GMAN, and the VPN.

### 2. Compensatory Damages

In response to the holding of the D.C. Circuit, published after the filing of Mr. Orozco's First Amended Complaint, and a subsequent application of that circuit precedent by the D.C. District Court, Mr. Orozco's amendments add a compensatory damages remedy for the same underlying technological access issues. *See Santos v. Collins*, No. CV 24-1759, 2025 WL 1905596 at *12 (D.D.C. July 10, 2025) ("In short, § 794d(f)(3) unambiguously waives federal departments' and agencies' immunity from compensatory damages."). This amendment to seek damages does not markedly alter the scope or nature of the case and is linked to the same core claim in this matter. As such, it should be allowed under the liberal standard for amendments under Federal Rule of Civil Procedure 15(a)(2). [1] *See, e.g., Wharf, Inc. v. D.C.*, 321 F.R.D. 25, 30 (D.D.C. 2017); *Firestone*, 76 F.3d at 1208.

### IV. CONCLUSION

Leave to amend should be "freely give[n]" when "justice so requires" under the liberal standard for granting leave to amend a complaint. *See* Fed. R. Civ. P. 15(a)(2); *Firestone*, 76 F.3d at 1208. To better achieve justice by focusing on precise barriers faced by Mr. Orozco, the Court should grant Mr. Orozco leave to file his Second Amended Complaint.

---

[1] Plaintiff notes that Federal Rule of Civil Procedure 54(c) already provides for seeking compensatory damages regardless of any formal demand as "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."

DATED: August 1, 2025                    Respectfully submitted,

_/s/ Timothy Elder_

Timothy Elder (*pro hac vice*)
**TRE Legal Practice**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
(415) 873-9199

Kobie A. Flowers (D.C. Bar No. 16511)
**BROWN GOLDSTEIN & LEVY**
1300 Eye Street, NW Suite 8th Floor
Washington, DC 20005
202-742-5969
Kflowers@browngold.com

Anisha S. Queen (D.C. Bar No. 1029963)
**BROWN, GOLDSTEIN & LEVY**
120 E. Baltimore Street Suite 2500
Baltimore, MD 21202
410-962-1030
aqueen@browngold.com

*Attorneys for Plaintiff*